THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM MCQUILLAN, Appellant.— Judgment of the County Court, Nassau County, rendered February 5, 1973, affirmed. No opinion. The case is remitted to the County Court, Nassau County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MARK N. (ANONYMOUS), Respondent. Appeal by the People from an order of the County Court, Westchester County, dated November 27, 1972, which granted the motion of defendant, a youthful offender, pursuant to subdivision 1 of section 85.05 of the Penal Law. Appeal dismissed. No appeal by the People lies in this case. Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN SIMON, Appellant.— Judgment of the Supreme Court, Queens County, rendered April 28, 1972, modified, as a matter of discretion in the interest of justice, by reducing the sentence to the time served. As so modified, judgment affirmed. To the extent indicated herein, the sentence was excessive. Gulotta, P. J., Martuscello, Latham, Cohalan and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KADRI SINA, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed June 19, 1973. Sentence modified, as a matter of discretion in the interest of justice, by reducing it from a prison term not to exceed 12 years to one not to exceed five years. To the extent indicated herein, the sentence was excessive. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THOMAS TARANOVICH, Respondent.— Appeal by the People from an order of the County Court, Nassau County, entered April 27, 1973, which, without a hearing, granted defendant's motion to dismiss the indictment, upon the ground that defendant had not been afforded a speedy trial. Order reversed, on the law, motion denied and indictment reinstated. We are of the opinion, under all of the circumstances, that the delay of slightly more than 12 months between the institution of this criminal action and the rendering of the indictment did not deprive defendant of his right to a speedy trial (*Barker* v. *Wingo,* 407 U. S. 514; *United States* v. *Marion,* 404 U. S. 307). While the excuse proffered by the People — essentially law office failure — is generally insufficient as an explanation for delay in prosecution, the factors set forth in our recent decision in *People* v. *Artonio* (42 A D 2d 716) are generally relevant in the present case as well (see, also, *People* v. *Ganci,* 27 N Y 2d 418). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Munder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMMY FULTON, Appellant, v. JAMES MONROE as Warden of the Brooklyn House of Detention for Men, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Kings County, entered May 21, 1973, which denied his application for a writ. The notice of appeal is hereby corrected to show the date of entry of the judgment as May 21, 1973, instead of April 30, 1973 as stated in the notice of appeal. Appeal dismissed as moot, without costs. It has come to our attention that relator has been discharged from custody. Martuscello, Acting P. J., Latham, Christ, Benjamin and Munder, JJ., concur.